### L. T. JOHNSON v. R. M. HAMBY.

#### Decided November 24, 1900.

**Evidence—Hearsay.**

The admission of hearsay testimony upon a material issue as to which the evidence is sharply conflicting is reversible error. See the opinion for illustration.

APPEAL from the County Court of Knox. Tried below before the Hon. G. B. LANDRUM.

*L. W. Dalton* and *R. W. Flournoy,* for appellant.

*J. H. Glasgow* and *Theodore Mack,* for appellee.

STEPHENS, ASSOCIATE JUSTICE —This suit was brought by appellant, L. T. Johnston, against appellee, R. M. Hamby, and M. C. Hancock, on account of the alleged conversion of $500, deposited by appellant August 31, 1897, in the First National Bank of Seymour, Texas, to the credit of appellee Hamby to be used in the purchase of cattle. Judgment by default went against Hancock, and upon a verdict in favor of Hamby judgment was rendered against appellant, from which this appeal is prosecuted.

The first error is assigned to the admission of testimony as shown in the following bill of exception: "Be it remembered that on a trial of

the above numbered and styled cause on November 4, 1899, the defendant Hamby testified, and among other things testified in answer to questions propounded by his counsel, that 'On August 15, 1897, M. C. Hancock, his codefendant, came to him and told him that he wanted him, Hamby, to buy some cattle with his, Hancock's, money, and that L. T. Johnston, plaintiff, had his, Hancock's, money, and that it was in Johnston's possession; that Johnston kept his, Hancock's, money, because he, Hancock, was in debt and financially involved, and therefore he had placed it with him; that he, Hancock, would have L. T. Johnston to place $500 of his, Hancock's, money in bank at Seymour for him, Hamby, to buy cattle with for him, Hancock. That about fifteen days later, on August 30, 1897, witness Hamby saw Hancock at Seymour, Texas, at the Wichita Valley depot, and had a talk with him, in which he said in substance the above, and that he would have Johnston to place that $500 in bank for Hamby to buy cattle with, for him, Hancock. Hancock went off and had a talk with Johnston, who was down at the depot, but who was not present and never heard either of the above two conversations between Hamby and Hancock. After Hancock talking with Johnston a while, Johnston came over to where I was and said, "Mr. Hancock said you wanted some money to buy cattle. I'll put $500 to your credit in the First National Bank of Seymour to-day." Hancock spoke up and said, "No, you can't put it there to-day; you have to go to Wichita Falls to-day." Johnston replied, "Yes, but I'll put it in to-morrow," which he did. This is all that ever passed between me and Mr. Johnston, and he was not present at the two conversations between Hancock and me, except when he said as above, as to placing the money in the bank. Mr. Johnston was never present when Hancock said it was his money, and I don't know of my own knowledge that it was Hancock's, and only judge that it was from what he told me. About September 15th, or between that and September 22d, Hancock instructed me to place the money on his note to me. Johnston was not present.' The above testimony was offered by defendant Hamby for the purpose of showing the money was Hancock's and not Johnston's and Hamby received it as such, and the plaintiff objected to said testimony on the ground that it was purely hearsay and self-serving on Hancock's part, and was conversations between Hancock and Hamby when Johnston was not present and had no opportunity to protest or deny, and was misleading to the jury and prejudicial to plaintiff on an issue as to whose money it was, which objection was overruled by the court and the testimony admitted, to which ruling of the court plaintiff then and there excepted and tenders this, his first special bill of exceptions, and asks that the same be examined, approved, and signed up and made a part of the record in this case."

It seems clear to us that the testimony was hearsay and inadmissible. The controverted issue was whether the money belonged to Johnston or Hancock, and upon this issue their testimony was sharply conflicting. To permit Hamby to corroborate the testimony of Hancock by reproducing before the jury what Hancock had stated to him in the absence

of appellant, was not only erroneous, but evidently prejudicial. To sustain the ruling various suggestions' have been made by appellee's counsel, some of which we will briefly notice. Among these is the contention that it was competent for Hamby to testify to what Johnston stated in his presence, as quoted in the bill of exceptions, and that consequently the objection to the testimony was properly overruled, because it covered too much and did not separate the admissible from the inadmissible. We think, however, that the court must have understood the objection to cover only the hearsay testimony set out in the bill of exceptions, but if not, as Johnston himself had testified substantially to the language quoted in the bill of exception as coming from him, and as there was no controversy on this point, no harm could have resulted to appellee if the whole of the testimony objected to had been excluded.

The contention that the agreed statement of facts showed Johnston to have been present, though the bill of exceptions shows to the contrary, we can not sustain, for the reason that we find no such conflict between the statement of facts and the bill of exception. Nor is there any merit in the contention that the testimony was admissible to show how Hamby understood the transaction, because that was wholly immaterial, he having applied the money to a debt which Hancock owed him, without parting with anything of value on the faith of the transaction.

On account of the error, therefore, in admitting this evidence, the judgment is reversed and the cause remanded for a new trial.

*Reversed and remanded.*